**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 24**

Docket No. AT-1221-17-0340-W-1

**Le'China N. Spivey,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

July 29, 2022

Le'China N. Spivey, Ocala, Florida, pro se.

Kara Berlin, Atlanta, Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction because she failed to nonfrivolously allege that she suffered a personnel action. For the reasons discussed below, we DENY the appellant's petition for review and AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant filed an IRA appeal alleging that the agency accused her of wrongdoing and subjected her to an investigation in reprisal for making a

protected disclosure and engaging in other protected activity. Initial Appeal File (IAF), Tab 1 at 4. In particular, she alleged that, on December 4, 2015, she reported that a dog handler had violated standard operating procedures by not having his dog on a leash. *Id.*; IAF, Tab 2 at 25-27. Following her alleged protected disclosure, the agency conducted an investigation concerning allegations that she provided false information other than during an official investigation and/or lacked candor in connection with her December 4, 2015 report. IAF, Tab 2 at 28, 51, 90. By letter dated May 9, 2016, the agency informed the appellant that it had concluded that she lacked candor but that it would not take any action against her. *Id.* at 35. On May 18, 2016, the agency again informed her in writing that no action would be taken against her and that no disciplinary file existed. IAF, Tab 1 at 11, 63.

¶3        On or about June 11, 2016, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency's actions constituted reprisal for her protected disclosure and protected activity. *Id.* at 8, 15. On October 25, 2016, in response to the appellant's request for information, the agency provided her written notice that no disciplinary file existed regarding the allegations against her and, as she was previously notified, the disciplinary process was never initiated. *Id.* at 15-16, 66. On November 3, 2016, while the appellant's complaint was pending with OSC but before she filed her IRA appeal, the agency issued a letter notifying her that it had concluded its investigation, found that the allegation of providing a false statement other than during an official investigation was not substantiated, and closed the case. IAF, Tab 2 at 43. On January 18, 2017, OSC closed its investigation and notified the appellant of her right to file an appeal with the Board. IAF, Tab 1 at 8. On March 10, 2017, the appellant timely filed this IRA appeal. IAF, Tab 1.

¶4        Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). The administrative judge found that the appellant

failed to nonfrivolously allege that she was subjected to a personnel action. ID at 5. The administrative judge noted, among other things, that the agency ultimately closed its investigation without taking any disciplinary action. ID at 3, 5. The administrative judge further found that the investigation did not meet the definition of a personnel action because it did not result in any other personnel action taken against the appellant. ID at 5. In particular, she found that the appellant failed to nonfrivolously allege that she was subjected to a significant change in working conditions as a result of the investigation and that its effect on her working conditions was minimal. *Id.* The appellant has filed a petition for review, to which the agency has not responded. Petition for Review (PFR) File, Tab 1.

## ANALYSIS

The administrative judge properly found that the appellant failed to nonfrivolously allege that she suffered a personnel action as a result of the agency's allegations that she engaged in wrongdoing.

¶5      To establish the Board's jurisdiction over an IRA appeal, an appellant must have exhausted her administrative remedies before OSC and make nonfrivolous allegations of the following: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)[1]; *Salerno v. Department of*

---

[1] During the pendency of this appeal, the National Defense Authorization Act (NDAA) for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of title 5 of the United States Code. The Board lacks jurisdiction over this appeal under both pre- and post-NDAA law. Among other things, the NDAA amended 5 U.S.C. § 1214(i) to allow OSC to petition the Board for corrective action concerning damages incurred by an employee due to an agency's investigation of the employee if it was commenced,

*the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶6      "Personnel actions" are defined as follows:      (i) appointments; (ii) promotions; (iii) actions under 5 U.S.C. chapter 75 or other disciplinary or corrective actions; (iv) details, transfers, or reassignments; (v) reinstatements; (vi) restorations; (vii) reemployments; (viii) performance evaluations under 5 U.S.C. chapter 43 or under title 38; (ix) decisions regarding pay, benefits, or awards, or involving education or training if it reasonably may be expected to lead to an appointment, promotion, performance evaluation, or other action described in 5 U.S.C. § 2302(a)(2)(A); (x) decisions to order psychiatric testing or examination; (xi) implementations or enforcements of any nondisclosure policy, form, or agreement; and (xii) any other significant changes in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A).

¶7      Often, a "personnel action" in the context of an IRA appeal takes the form of a proposal or decision to impose discipline for a sustained charge of misconduct.  *See, e.g.*, *Bacas v. Department of the Army*, 99 M.S.P.R. 464, ¶¶ 2, 5 (2005) (finding that an agency's decision to propose the appellant's removal based on charges of insubordination, creating a disturbance in the workplace, false statements, and inability to work was a covered personnel action under 5 U.S.C. § 2302(a)(2)(A)); *Sutton v. Department of Justice*, 94 M.S.P.R. 4, ¶¶ 2, 12 (2003) (finding that a proposed and effected removal based on charges of misuse of Government property, unprofessional behavior, and making misrepresentations during an official investigation constituted personnel actions), *aff'd*, 97 F. App'x 322 (Fed. Cir. 2004).  Absent any proposed disciplinary action, however, the mere threat of disciplinary action also can amount to a personnel

---

expanded, or extended in retaliation for protected whistleblower activity.  NDAA, § 1097(c)(4), 131 Stat. at 1619.  Here, however, OSC has not petitioned the Board for such relief.

action. *See* 5 U.S.C. § 2302(b)(8)-(9); *Hoback v. Department of the Treasury*, 86 M.S.P.R. 425, ¶¶ 9-10 (2000) (clarifying that a threat of discipline must be of a covered personnel action); 5 C.F.R. §§ 1209.2(a), 1209.6(a)(5)(i).

¶8      For example, in *Gergick v. General Services Administration*, 43 M.S.P.R. 651, 654 (1990), an agency investigation resulted in a record of inquiry in which the agency notified the appellant that it appeared that he had violated the agency's standards of acceptable conduct or behavior, which could result in disciplinary action. The Board found that the record of inquiry amounted to a threat to take a personnel action. *Gergick*, 43 M.S.P.R. at 656-57. The Board acknowledged that the record of inquiry did not include a statement that disciplinary action was being proposed and did not include a specific reference to a particular kind of discipline that may be imposed. *Id.* The Board found, however, that the language in the record of inquiry nonetheless served as notice that disciplinary action was possible. *Id.* at 657. The Board further highlighted that the likelihood of discipline was not insignificant given that the record of inquiry was issued only after the agency had conducted an investigation of the appellant's activities and had compiled a substantial file. *Id.*

¶9      Under the circumstances here, we agree with the administrative judge that the appellant failed to nonfrivolously allege[2] that she suffered a personnel action in connection with the agency's allegations that she engaged in wrongdoing. The record reflects that the agency did not take or propose to take any disciplinary action as a result of such allegations. IAF, Tab 1 at 59, 63, 66, Tab 2 at 43. Further, we find that the appellant has not made a nonfrivolous allegation that the agency threatened to take any disciplinary action against her. In contrast to *Gergick*, the agency here provided written notice to the appellant that no action would be taken as a result of the findings of the investigation. IAF, Tab 1 at 59,

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

63, 66. We find that an allegation of wrongdoing alone, without any ensuing disciplinary or adverse action, or threat of disciplinary or adverse action, does not constitute a personnel action.

The administrative judge properly found that the appellant failed to nonfrivolously allege that she was subjected to a personnel action as a result of the agency's investigation.

¶10    An investigation into an allegation of misconduct is not a personnel action per se. *Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020) (concluding that "retaliatory investigations, in and of themselves, do not qualify as personnel actions" under the whistleblower protection statutory scheme); *see* 5 U.S.C. § 2302(a)(2)(A). As explained in the legislative history of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465:

> [A]gency investigations of employees are not explicitly covered under the statutory definition of a "personnel action." Instead, such investigations come within that definition only if they result in a significant change in job duties, responsibilities, or working conditions or have effects that otherwise fit within one of the items listed under the statutory definition of "personnel action."

S. Rep. No. 112-155, at 20 (2012), *as reprinted in* 2012 U.S.C.C.A.N. 589, 608. Further, the Board will consider evidence of the conduct of an agency investigation when it is so closely related to a personnel action that it could have been pretext for gathering evidence to use to retaliate against an employee for whistleblowing. *See, e.g.*, *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 7 (2007); *Russell v. Department of Justice*, 76 M.S.P.R. 317, 323-24 (1997); *Geyer v. Department of Justice*, 70 M.S.P.R. 682, 688, *aff'd*, 116 F.3d 1497 (Fed. Cir. 1997) (Table).

¶11    Regarding a significant change in job duties, responsibilities, or working conditions, the Board has held that only agency actions that, individually or collectively, have practical and significant effects on the overall nature and quality of an employee's working conditions, duties, or responsibilities will be

found to constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16. In *Skarada*, the Board found that the appellant's allegations that his chain of command harassed him and subjected him to a hostile work environment by, among other things, excluding him from meetings and conversations, subjecting him to multiple investigations, accusing him of "fabricating data" and of a Privacy Act violation, refusing his request for a review of his position for possible upgrade, yelling at him on three occasions, and failing to provide him the support and guidance needed to successfully perform his duties, when considered cumulatively, constituted nonfrivolous allegations of a significant change in his working conditions. *Id.*, ¶ 18. However, the Board specifically found that the appellant failed to nonfrivolously allege that the investigations themselves were covered personnel actions because he did not identify any specific personnel actions associated with them. *Id.*, ¶ 18 n.4.

¶12 Here, we agree with the administrative judge that the appellant's allegation that she was subjected to an agency investigation fails to amount to a nonfrivolous allegation that she was subjected to a personnel action. As discussed above, an investigation itself is not a personnel action under 5 U.S.C. § 2302(a)(2)(A). Indeed, we agree with the principle, explained by the agency here in its communication to the appellant, that, to maintain the integrity of the working environment, an employer should thoroughly investigate allegations of possible employee wrongdoing. IAF, Tab 2 at 43. The investigation here did not result in any proposal of disciplinary or corrective action, the appellant's detail, transfer, or reassignment, or any other personnel action identified in 5 U.S.C. § 2302(a)(2)(A). We find no allegations of fact that, if proven, could establish that the investigation amounted to a threat to take a personnel action or was pretext for gathering evidence to use to retaliate against the appellant for her alleged protected disclosure. *See, e.g.*, *Miller v. Department of Justice*, 842 F.3d 1252, 1254-56 (Fed. Cir. 2016) (analyzing the appellant's claim that an agency

investigation stemming from his protected disclosures that resulted in his reassignment constituted reprisal).

¶13      Further, we agree with the administrative judge that the appellant failed to nonfrivolously allege facts that could prove that the investigation amounted to a significant change in working conditions.[3] ID at 5. The appellant offered no allegations or evidence concerning any practical or significant effects that the investigation had on the overall nature and quality of her working conditions, duties, or responsibilities. Rather, she alleged that she participated in an interview and prepared an affidavit during the investigation. IAF, Tab 1 at 9. We find these allegations, if proven, do not amount to nonfrivolous allegations that she was subjected to a significant change in working conditions. *See Sistek*, 955 F.3d at 955-56 (finding that the appellant's assertions describing a routine investigation that resulted in a letter of reprimand did not rise to the level of a significant change in working conditions such that it would qualify as a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii)).

¶14      On review, the appellant contends that the administrative judge erred in finding that the effect of the agency's investigation on her was minimal and, thus, did not amount to a significant change in working conditions. PFR File, Tab 1 at 4. For the first time, she argues that the investigation itself amounted to a significant change in working conditions because, as a result of it, she was hospitalized for 7 days, remained out of work for an additional 36 days, exhausted her leave, had to take leave without pay, and had to apply for the voluntary leave transfer program. *Id.* at 4-5. She further argues for the first time on review that, during the investigation, she was hindered from upward mobility and lost out on employment opportunities, such as being transferred to another

---

[3] The appellant also did not identify any agency actions beyond the investigation and allegations of wrongdoing as contributing to her alleged significant change in working conditions.

institution or being promoted. *Id.* at 7. With her petition, she submits various documents, including a list of job vacancies to which she applied but was not selected, a list of days on which she was unable to attend work between December 1, 2015, and April 20, 2017, and various leave and medical documents. *Id.* at 10-33.

¶15 The Board may consider new and material evidence or legal argument on review if, despite the party's due diligence, it was not available when the record closed. 5 C.F.R. § 1201.115(d). The appellant has not shown that her newly submitted documents, or the information contained in them, were previously unavailable or that her arguments or evidence are material to the outcome of this appeal. The documents contained in the appellant's petition for review are dated before the close of the record below and, thus, are not new. For example, the appellant submits her voluntary leave transfer form dated January 24, 2017, medical documentation dated February 1 and 7, 2017, and medical invoices dated between January 13 and February 23, 2017. PFR File, Tab 1 at 22‑25, 30-33. Her new arguments also are not material because they do not amount to nonfrivolous allegations that she was subjected to a significant change in working conditions and, thus, fail to show error in the administrative judge's finding that she failed to make a nonfrivolous allegation that she was subjected to a personnel action. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Accordingly, we affirm the initial decision, dismissing the appeal for lack of jurisdiction.

## ORDER

¶16 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.