# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HENRY SEARCY, JR.,
    Appellant,

   v.

DEPARTMENT OF AGRICULTURE,
    Agency.

DOCKET NUMBER
DC-1221-20-0455-W-1

DATE: July 31, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Henry Searcy, Jr., Bowie, Maryland, pro se.

Stephanie J. Mitchell, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2 The appellant filed an appeal with the Board alleging that the agency had (1) issued him an "[u]nconstitutional [a]dmonishment" and (2) restructured certain agency components in a manner contrary to legislative intent. Initial Appeal File (IAF), Tab 1 at 3, 5. With his initial appeal form, the appellant provided a lengthy narrative statement. *Id.* at 9-37. In this statement, the appellant made numerous allegations; however, the ostensible underlying thrust of these allegations was that, in 2017, the agency underwent significant restructuring and, as a result, his position became part of a different agency component. *Id.* at 9. The appellant was apparently led to believe that, despite this restructuring, he would be able to continue performing various outreach functions on behalf of the agency; however, agency personnel allegedly unlawfully failed to allocate the requisite funding and began to mistreat him. *Id.* at 9-37. The appellant requested a hearing on the matter. *Id.* at 2.

¶3 With his appeal, the appellant provided two letters from the Office of Special Counsel (OSC). *Id.* at 7-8, 38. The letters indicated that OSC was terminating its investigation into the following claims: (1) that an agency director had "arbitrarily abuse[d] the Departmental Regulation 4070-735-001 to conduct management inquiries on employees in order to solicit information not based on personal knowledge"; (2) that an agency manager had "wasted thousands of dollars on banners that were printed without the appropriate [equal employment opportunity] Clause"; and (3) that the agency had conducted investigations into the appellant. *Id.* at 7.

¶4 The administrative judge issued a jurisdictional order wherein he explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals, and he ordered the appellant to file specific evidence and argument regarding jurisdiction within 10 days of his order. IAF, Tab 3 at 2-8. He also indicated that the agency could file a response within 20 days of the order. *Id.* at 8. The appellant did not respond to the jurisdictional order; instead, 17 days

after the issuance of the same, he filed a motion to suspend the processing of his appeal for 30 days. IAF, Tab 6 at 4-5. The agency filed a response wherein it (1) contended that the administrative judge should deny the appellant's suspension request and (2) argued that the appellant had failed to establish Board jurisdiction over his appeal. IAF, Tab 7 at 5-9.

¶5 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 6. The administrative judge concluded that, insofar as the issue of jurisdiction was "well defined and ripe for a conclusive determination," the 30-day suspension sought by the appellant was "unnecessary." ID at 5. He also found that the appellant had failed to make a nonfrivolous allegation of a personnel action. ID at 5-6. In so finding, the administrative judge indicated that the OSC documentation provided by the appellant identified his claimed personnel action as an agency investigation; however, the U.S. Court of Appeals for the Federal Circuit had recently found that retaliatory investigations, in and of themselves, do not constitute personnel actions. ID at 5-6 (citing in *Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 954-55 (Fed. Cir. 2020)). The administrative judge also indicated via footnote that, despite the appellant's submission of a 20-page narrative statement, he "could find no event that described a protected disclosure of information." ID at 3 n.3.

¶6 The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 10.[2] In his petition for review, the appellant alleges, among other things, that the administrative judge erred in

---

[2] The appellant also has filed a "completed petition for review" containing additional argument, PFR File, Tab 3, voluminous documentation in support of his petition(s) for review, PFR File, Tabs 4-8, a reply to the agency's response, PFR File, Tab 12, and two motions for leave to file additional pleadings, PFR File, Tabs 14, 16. These filings, however, are not material to the outcome of the jurisdictional issue.

finding that he failed to make a nonfrivolous allegation of a personnel action. PFR File, Tab 1 at 8-14.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[3] that he exhausted his remedies before OSC and make nonfrivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing. *Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004).

¶8 For the following reasons, we find that the administrative judge's conclusion that the appellant failed to make nonfrivolous allegation of a personnel action was erroneous, we find jurisdiction, and we remand the appeal for adjudication of the merits.

¶9 Here, the appellant alleged that agency management had: (1) changed both his position description and his job duties; (2) required him, on several occasions, to relocate to less favorable office space; (3) falsely accused him of being absent

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

without leave (AWOL); (4) admonished him; (5) surveilled him; and (6) sent him "a series of abusive/pervasive" emails regarding his time and attendance and his alleged refusal to relocate his office space. IAF, Tab 1 at 9-37. As relevant to these allegations, the definition of "personnel action" includes "any . . . significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xii). The Board has found that, although "significant change" should be interpreted broadly to include harassment and discrimination that could have a chilling effect on whistleblowing or otherwise undermine the merit system, only agency actions that, individually or collectively, have practical consequence for an appellant constitute a personnel action covered by section 2302(a)(2)(A)(xii). *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 15-16. To this end, the agency actions must have a significant effect on the overall nature and quality of the appellant's working conditions, duties, or responsibilities. *Id.* We find that the aforementioned allegations meet this threshold. *See id.*, ¶ 18 (concluding that the appellant's allegations that agency personnel harassed him, subjected him to a hostile work environment, subjected him to multiple investigations, accused him of "fabricating data" and of a Privacy Act violation, refused his request for a review of his position for possible upgrade, yelled at him, and failed to provide him the support and guidance needed to successfully perform his duties amounted to a nonfrivolous allegation of a significant change in his working conditions); *see also Covarrubias v. Social Security Administration*, 113 M.S.P.R. 583, ¶¶ 8, 15 n.4 (2010) (finding that the appellant made a nonfrivolous allegation of a significant change in working conditions when she alleged, among other things, that her supervisors harassed her about personal telephone calls and closely monitored her whereabouts, to include following her to the bathroom), *overruled on other grounds by Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 n.5 (2014).

¶10    We also find that the appellant exhausted this personnel action with OSC. Indeed, the appellant provided two letters from OSC evincing that he had filed a

complaint contending that the agency had both investigated him and conducted "inquiries on employees in order to solicit information not based on personal knowledge." IAF, Tab 1 at 7-8, 38. We find that these contentions are synonymous with the appellant's allegations that the agency surveilled him and monitored his time and attendance after falsely accusing him of being AWOL and/or refusing to relocate his office space. *See id.* at 12-13, 16, 34-35. Although retaliatory investigations are not personnel actions in and of themselves, *Sistek*, 955 F.3d at 955; *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 10, such investigations may contribute towards "a significant change in working conditions," *Sistek*, 955 F.3d at 955. Thus, we find that the appellant raised the subject personnel action in his OSC complaint. IAF, Tab 1 at 7; *see* 5 U.S.C. § 2302(a)(2)(A)(xii). Moreover, on review, the appellant provides an additional letter evincing that he also explicitly alleged before OSC that "the [a]gency [had] changed [his] job duties, [his] position description, and [his] physical location within the [agency] facility." PFR File, Tab 6 at 33.[4]

¶11 We conclude that the appellant also has satisfied the remaining jurisdictional criteria. To this end, he made numerous allegations regarding illegalities and improprieties regarding agency budgetary decisions, *e.g.*, IAF, Tab 1 at 11-12, and one of the letters that he provided to the administrative judge evinced that he had alleged before OSC that the agency management had "wasted thousands of dollars" on printed banners, *id.* at 7; *see* 5 U.S.C. § 2302(b)(8)(i)-(ii) (defining as a protected disclosure any disclosure of information by an appellant that the appellant reasonably believes evidences either "any violation of any law,

---

[4] Although the Board generally does not consider evidence submitted for the first time on review absent a showing that it was unavailable before the close of the record despite the party's due diligence, *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980), insofar as the issue of jurisdiction is always before the Board, we have considered the subject letter, *see Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶¶ 5, 9 (2010) (remanding an appeal for adjudication when the appellant provided new evidence on review that indicated, for the first time, that she had filed a complaint with OSC).

rule, or regulation" or "a gross waste of funds"); *see also Horton v. Department of Veterans Affairs*, 106 M.S.P.R. 234, ¶¶ 15, 17 (2007) (explaining that an appellant need not prove that his disclosures actually established a violation of law, rule, or regulation or a gross waste of funds; rather, he must show that the matter disclosed was one that a reasonable person in his position would believe evidenced one of those conditions and concluding that the appellant made allegations sufficient to warrant a hearing). Moreover, insofar as the appellant alleged a close temporal proximity between his purported disclosures and his altered working conditions, we find that he has satisfied the contributing factor jurisdictional criterion. *E.g.*, IAF, Tab 1 at 11-13; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012).

¶12        Accordingly, we find that the appellant made a nonfrivolous allegation that his protected disclosures contributed to a significant change in his duties and working conditions and, therefore, he is entitled to his requested hearing and a decision on the merits of his appeal. IAF, Tab 1 at 2; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that he deems necessary to adjudicate the merits of this appeal. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

## ORDER

¶13     For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    /s/ for
                         _____

                         Jennifer Everling
                         Acting Clerk of the Board
Washington, D.C.