# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SCHWANDA G. HAMMOND, | DOCKET NUMBERS |
| Appellant, | DA-0752-20-0103-I-1 |
| | DA-0752-20-0103-C-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | |
| Agency. | DATE: March 17, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Brian Henson, Esquire, Decatur, Georgia, for the appellant.

Temple Louise Wilson, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

### FINAL ORDER

The appellant has filed petitions for review of two initial decisions. The initial decision in MSPB Docket No. DA-0752-20-0103-I-1 dismissed her removal appeal as settled. The initial decision in MSPB Docket No. DA-0752-20-0103-C-1 denied her petition for enforcement of the parties' settlement

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

agreement, finding the agency in compliance with said agreement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). On our own motion, we JOIN these appeals under 5 C.F.R. § 1201.36(b) because joinder will expedite processing of the cases and will not adversely affect the interests of the parties. After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petitions for review. The initial decision issued in MSPB Docket No. DA-0752-20-0103-I-1 is AFFIRMED. Except as expressly MODIFIED to VACATE the administrative judge's findings regarding the validity of the settlement agreement and to include an analysis on an additional debt not covered by the settlement agreement, we AFFIRM the initial decision in MSPB Docket No. DA-0752-20-0103-C-1.

## BACKGROUND

On December 11, 2019, the appellant filed an appeal with the Board of her December 11, 2019 removal from the Defense Contract Audit Agency. *Hammond v. Department of Defense*, MSPB Docket No. DA-0752-20-0103-I-1, Initial Appeal File (IAF), Tab 1. On March 13, 2020, the parties submitted a settlement agreement resolving the appeal. IAF, Tab 31. The agency, among other things, agreed that it would rescind its decision to remove the appellant,

initiate an action to place the appellant on leave without pay for the period December 12, 2019 through June 30, 2020, place the appellant in paid, non-duty status (i.e. administrative leave) for the period July 1, 2020 through September 12, 2020, and initiate an action with the Defense Finance Accounting Service (DFAS) to request and support a waiver of the appellant's "current debt to the [a]gency of $1,622.70 for advanced sick leave not repaid." *Id.* at 4-5. The appellant agreed, among other things, to submit two Standard Forms (SF) 52, the first stating that she voluntarily retired from the agency and the second stating that she voluntarily resigned from the agency, both with an effective date of September 12, 2020. *Id.* at 5. Furthermore, the settlement agreement states that the appellant's eligibility for voluntary early retirement (VERA) would be calculated and determined solely by DFAS or the Office of Personnel Management (OPM), and, if DFAS or OPM determined at any time that she was not eligible for VERA, then the agency would process her voluntary resignation. *Id.* at 7. The administrative judge issued an initial decision on March 19, 2020, finding the settlement agreement lawful on its face and that the parties freely entered into it and understood its terms, and dismissing the appeal as settled. IAF, Tab 33, Initial Decision (ID). The administrative judge entered the settlement agreement into the record for enforcement purposes. ID at 2.

On August 12, 2020, the appellant filed a petition for enforcement, claiming that the agency breached the settlement agreement by manipulating her leave and earnings and creating false debts. *Hammond v. Department of Defense*, MSPB Docket No. DA-0752-20-0103-C-1, Compliance File (CF), Tab 1 at 4. On September 1, 2020, she also filed a motion to rescind the settlement agreement. CF, Tab 12. After retaining counsel, she set forth the following arguments in support of her motion: the outstanding debts created by the agency demonstrated that the agency would not implement the settlement agreement in good faith, the agency failed to process her retirement as contemplated in the settlement

agreement, and she was not properly apprised that DFAS might find her ineligible for VERA. CF, Tab 15 at 5-6.

On October 7, 2020, the administrative judge issued an initial decision in the compliance matter, denying the appellant's petition for enforcement because she did not prove that the agency failed to comply with the settlement agreement. CF, Tab 16, Compliance Initial Decision (CID). She also addressed the appellant's arguments for nullification of the settlement agreement based on her ineligibility for VERA, finding that the evidence did not support nullification on the basis of a mutual mistake. CID at 7. On November 11, 2020, the appellant filed a petition for review of the compliance initial decision, along with numerous documents. Compliance Petition for Review (CPFR) File, Tabs 1-6. The agency has responded in opposition to the appellant's petition for review, CPFR File, Tab 8, and the appellant has filed a reply, CPFR File, Tab 9.

On September 3, 2024, the Clerk of the Board advised the appellant that it docketed her petition for enforcement in MSPB Docket No. DA-0752-20-0103-C-1, filed with the regional office on September 1, 2020, as a petition for review of the initial decision in MSPB Docket No. DA-0752-20-0103-I-1, as she was challenging the validity of the settlement agreement that was the subject of the initial decision in that matter. Petition for Review (PFR) File, Tab 2. The Clerk notified the appellant that her petition for review in MSPB Docket No. DA-0752-20-0103-C-1 concerning the compliance initial decision remained pending. *Id.* at 1 n.1. Because the petition for review in MSPB Docket No. DA-0752-20-0103-I-1 appeared untimely filed, the parties were provided an opportunity to present argument and evidence on the issues of timeliness and the merits of the appellant's petition. *Id.* at 2-3. To assist the appellant, the Clerk attached a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" form. *Id.* at 5-7. The appellant did not respond. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We vacate the administrative judge's findings in the compliance initial decision in MSPB Docket No. DA-0752-20-0103-C-1 that improperly ruled on the validity of the settlement agreement.</u>

In her compliance initial decision in MSPB Docket No. DA-0752-20-0103-C-1, the administrative judge addressed the appellant's claims that the settlement agreement is invalid on the basis of mutual mistake. CID at 7; *see* CF, Tabs 12, 15. It is well settled that an attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the appeal as settled, and not in a petition for enforcement. *See, e.g., Armstrong v. Department of the Treasury*, 110 M.S.P.R. 533, ¶ 10 (2009), *aff'd in part, vacated in part, and remanded,* 591 F.3d 1358 (Fed. Cir. 2010); *Virgil v. U.S. Postal Service*, 75 M.S.P.R. 109, 112 (1997). Thus, we modify the compliance initial decision to vacate those findings that were not properly raised by the appellant in a petition for enforcement.[2] CID at 7. We consider the appellant's pleadings that challenge the validity of the settlement agreement as if they were a petition for review of the initial decision in MSPB Docket No. DA-0752-20-0103-I-1.[3]

<u>We find that the appellant did not prove that the settlement agreement is invalid; thus, we affirm the initial decision in MSPB Docket No. DA-0752-20-0103-I-1.</u>

The appellant requests that the Board invalidate the settlement agreement and allow her to move forward with her hearing request on the agency's removal

---

[2] Many of the appellant's arguments in support of her motion for recission of the settlement agreement would not provide a basis for invalidation of a settlement agreement but were properly raised in the context of compliance. CF, Tab 15 at 4-6; *see generally Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010) (explaining that an appellant may challenge the validity of a settlement agreement on the basis that it was unlawful, involuntary, or the result of fraud or mutual mistake). The administrative judge properly addressed those arguments in the compliance initial decision, and, except as expressly set forth in this order, we do not disturb the administrative judge's findings on those issues. CID at 4-7.

[3] Based on our disposition of this appeal, we need not resolve the issue of the timeliness of the appellant's petition for review or whether she established good cause for an untimely filing of her petition for review.

decision. PFR File, Tab 1; CF, Tabs 12, 15; CPFR File, Tab 1 at 6-7. A settlement agreement is a contract between the parties and its terms are to be interpreted as a question of contract law. *LaMontagne v. U.S. Postal Service*, 91 M.S.P.R. 304, ¶ 6 (2002). A party may challenge the validity of a settlement agreement if she believes it was unlawful, involuntary, or the result of fraud or mutual mistake. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 6 (2010). The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Id.*

After fully considering the appellant's arguments, we find that she has not established a basis for invalidating the settlement agreement. The appellant's only cognizable argument is fraud or mutual mistake concerning her eligibility for VERA: specifically, she argues that she was not properly apprised that DFAS may find her ineligible for VERA, "as the information provided by the Agency indicated that she would be eligible." CF, Tab 15 at 5-6. However, the settlement agreement expressly states that the agency's approval of VERA would be subject to and conditioned upon a determination from DFAS and/or OPM that the appellant met all applicable eligibility requirements, and that, if DFAS and/or OPM determined that the appellant was not eligible for VERA, the agency would process her voluntary resignation. IAF, Tab 31 at 5-7 (paragraphs 3.d., 4.a., and 4.i.). Thus, as the parties' agreed-upon terms address the possibility that the appellant would not be able to retire as planned, we find no evidence of mutual mistake. *See generally As'Salaam v. U.S. Postal Service*, 65 M.S.P.R. 417, 421 (1994) (a mutual mistake is material only if it relates to a fact in existence at the time of the agreement). The terms of the settlement agreement expressly addressing this possibility also contradict the appellant's suggestion of fraud or misrepresentation by the agency concerning her eligibility for VERA. IAF, Tab 31 at 5-7 (paragraphs 3.d., 4.a., and 4.i.). Moreover, the appellant has not identified any communications from the agency predating the March 2020 settlement agreement that supports her argument of misrepresentation.

Accordingly, as we find the appellant's arguments for invalidating the settlement agreement unpersuasive, we affirm the initial decision dismissing the removal appeal as settled. ID at 1-2.

We modify the initial decision in MSPB Docket No. DA-0752-20-0103-C-1 to analyze an additional debt asserted by DFAS, but conclude, nevertheless, that the appellant has not established that the agency breached the settlement agreement.

The appellant argues, among other things, that the agency created new debts in place of the $1,622.70 debt for advanced sick leave waived by the settlement agreement, and that all outstanding debts were to have been resolved by the settlement agreement. CF, Tab 15 at 4; CPFR File, Tab 1 at 5. When a contract is silent as to a term, the term is removed from the Board's jurisdiction, and the Board lacks the authority to unilaterally modify the material terms in a settlement agreement. *De Luna v. Department of the Navy*, 58 M.S.P.R. 526, 530 (1993). Furthermore, it can be presumed that the parties intended the agreement to be implemented in accordance with governing statutes and regulations. *See Morris v. U.S. Postal Service*, 32 M.S.P.R. 358, 361 (1987). However, it is well settled that implicit in any settlement agreement, as under other contracts, is a requirement that the parties fulfill their respective contractual obligations in good faith. *Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 323 (1995).

The administrative judge, crediting the declaration of the DFAS Analyst dated August 27, 2020, found the sources of the debts allegedly owed by the appellant as follows: the appellant's portion of health insurance premiums and life insurance premiums unpaid since her removal in December 2019; a lump sum paid to the appellant at the time of her removal for unused annual leave that was restored upon her reinstatement; and an erroneous lump-sum payment deposited in the appellant's bank account on or about June 12, 2020, due to a payroll system error caused by the presence of a negative sick leave balance upon her reinstatement. CID at 5-6; CF, Tab 8 at 4-5. She additionally credited the DFAS

analyst's explanation concerning an erroneous pay deduction of a Thrift Savings Plan (TSP) loan in July 2020 that was to be credited to the appellant directly from TSP. CID at 6; CF, Tab 8 at 5. We agree with the administrative judge's conclusion that the appellant has not shown that the agency breached the settlement agreement based on the existence of these debts and/or pay deductions. CID at 4-6.

However, we modify the compliance initial decision to address an additional debt mentioned by the DFAS analyst in her declaration: the DFAS analyst stated that the agency had been working with DFAS to "reduce [the appellant's] negative sick leave balance by 65.5 hours," suggesting a remaining advanced sick leave balance that the agency did not seek to eliminate. CF, Tab 8 at 4. Furthermore, emails from the agency's Assistant General Counsel to the appellant communicating DFAS's explanations for the sources of her debts also acknowledge a remaining advanced sick leave balance of approximately 56.5 hours—after the agency had eliminated the $1,662.70 debt indicated in the settlement agreement, which accounted for 63.5 hours. CF, Tab 8 at 14-19, Tab 9 at 29-30. Finally, with her petition for review, the appellant has submitted a new audit of her debts provided by DFAS on October 28, 2020, which reflects that the appellant was indebted for a remaining balance of 38.5 hours of advanced sick leave at the time of her separation from the agency in September 2020. CPFR File, Tab 6 at 5.[4] Thus, we find that the evidence indicates an additional advanced sick leave debt that appears to be unrelated to the lump sum overpayment to the appellant in June 2020. CPFR File, Tab 6 at 4-5.

---

[4] Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant has shown that she exercised due diligence in requesting information from DFAS prior to the close of the record below, *see, e.g.*, CF, Tab 8 at 20, and this document appears to be a response from DFAS to those requests, we find that this information was not previously available to the appellant and have, therefore, considered it. CPFR File, Tab 6 at 1-24.

Nevertheless, we find that the evidence continues to support the administrative judge's finding that the agency fulfilled its obligation under the express terms of the settlement agreement by clearing a debt of $1,622.70 for advanced sick leave. CID at 4; *see* CF, Tab 7 at 16, 39-49, Tab 8 at 4. Although the appellant has vaguely alleged that the agency changed previous pay codes from hours worked to advanced leave, CF, Tab 1 at 4, Tab 15 at 4-5; CPFR File, Tab 1 at 6-7, Tab 9 at 5, the administrative judge correctly found no evidence that the agency maliciously manipulated the appellant's records or created false debts in breach of the implied covenant of good faith in the settlement agreement, CID at 7.[5] We find that any debt owed to the agency for a remaining advanced sick leave balance in excess of the $1,662.70 covered under the terms of the settlement agreement is outside the scope of the settlement agreement and, consequently, the Board's jurisdiction. CPFR File, Tab 7 at 16; *see De Luna*,

_____

[5] In addition to the audit provided by DFAS in October 2020, CPFR File, Tab 6 at 1-24, the appellant also submits for the first time with her petition for review instructions about the agency's timekeeping system, CPFR File, Tabs 1-2, Tab 3 at 4-26; her master pay history from January 5, 2019 through August 1, 2020, CPFR File, Tab 3 at 27-43, Tabs 4-5, which she contends show that the agency's efforts to waive her advanced sick leave created a new debt, CPFR File, Tab 1 at 6-7; and a doctor's note dated November 28, 2018, CPFR File, Tab 6 at 25-30, which she contends shows that she was able to telework and did not take advanced sick leave on certain dates for which she was charged sick leave, CPFR File, Tab 1 at 7. The appellant has not shown that this evidence was unavailable prior to the close of the record below despite her due diligence, and, in any event, we fail to see how this evidence supports the appellant's contentions. *See Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15 (explaining that the Board will not grant a petition for review absent a showing that the new evidence is of sufficient weight to warrant an outcome different from that of the initial decision); 5 C.F.R. § 1201.115(d). The appellant also submits, with her reply to the agency's response to her petition for review, evidence of time and attendance corrections entered by the agency. CPFR File, Tab 9 at 6-8. As these records appear to have been provided to the appellant by DFAS on December 9, 2020, in response to her Privacy Act Request dated September 10, 2020, we consider it newly available evidence. *Id.* at 9, 13-14; *see Avansino*, 3 M.S.P.R. at 214. We find that these records do not support the appellant's assertions of manipulations by the agency resulting in erroneous debts, CPFR File, Tab 9 at 5; rather, they show that the agency converted 65.5 hours of advanced sick leave (LG) to administrative leave (LN), consistent with the declarations of the Human Resources Specialist and the DFAS analyst and pursuant to the terms of the settlement agreement. CF, Tab 7 at 6, 16 (paragraph 3.f), 39, Tab 8 at 4; CPFR File, Tab 9 at 6-8.

58 M.S.P.R. at 530. Accordingly, we affirm the compliance initial decision as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decisions, as supplemented by this Final Order, constitute the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.