# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANGELA J. PERKINS-MOORE,<br>Appellant, | DOCKET NUMBER<br>CH-0752-22-0184-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: March 12, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rayburn Wilkins, St. Louis, Missouri, for the appellant.

Erin E. Milligan, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her claim of involuntary retirement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has submitted additional evidence on review in support of her claim of involuntary retirement. Petition for Review (PFR) File, Tab 1. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 8; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). The appellant states that she was deprived of the opportunity to submit evidence to the administrative judge because she received prompts on e-Appeal Online instructing her not to upload/submit additional documents and that she would be notified and instructed if/when to submit any documents. PFR File, Tab 1 at 3-4. We find that the appellant's alleged belief that she was not to file evidence was unreasonable considering the administrative judge's clear orders to file evidence and/or argument by a deadline of March 10, 2022. Initial Appeal File (IAF), Tab 3 at 3, Tab 7 at 1. Thus, we find that the appellant has not shown due diligence under the circumstances.

In addition, her new evidence and argument are not material because they do not amount to nonfrivolous allegations that she was subjected to an appealable adverse action, even considered in conjunction with her timely raised allegations. *See Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

For instance, she describes a series of actions by the agency going back to 2016 that she alleges were discriminatory, culminating in her decision to retire. PFR File, Tab 1 at 4-5, 19-20, 29-30. However, accepting her allegations as true, she has failed to allege circumstances in which a reasonable person in her position would have found no choice but to retire in response to the agency's alleged actions. *See, e.g., Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009) (stating that, if an employee claims that his resignation was coerced by the agency creating intolerable working conditions, the employee must show a reasonable employee in his position would have found the working conditions so difficult or unpleasant that they would have felt compelled to resign); *see also Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (explaining the jurisdictional requirement in constructive adverse action appeals that the appellant lacked a meaningful choice).

The appellant also submits additional correspondence with the agency following its return-to-work letter, including her renewed request for indefinite, extended leave to undergo back surgery. PFR File, Tab 1 at 27-31. The appellant asserts in her sworn petition for review that she provided the "redundant" medical documentation requested by the agency and that the agency's denial of her extended leave request violated Federal law.[2] PFR File, Tab 1 at 5, 27-29, 37-38; IAF, Tab 1 at 8. By stating that the medical documentation was "redundant," PFR File, Tab 1 at 29, the appellant does not appear to allege that her medical documentation differed from the documentation previously submitted,

---

[2] The appellant cites generally to the Americans with Disabilities Act of 1990 and the Rehabilitation Act. PFR File, Tab 1 at 4, 6.

*id.* at 33-34, or responded to the agency's specific request for documentation regarding "whether the leave will be a block of time" and "when the need for leave will end," *id.* at 35. The appellant also does not contest the agency's statements that she had expended the maximum amount of leave that could be authorized under the Family and Medical Leave Act and had been absent from duty for an additional 544.5 hours between April 12, 2020-May 4, 2021. IAF, Tab 1 at 8; PFR File, Tab 1 at 27, 32. Thus, she has failed to allege facts that could support a finding that the agency acted improperly in failing to approve her request for indefinite, extended leave and instructing her to return to duty or face removal. *See Bean*, 120 M.S.P.R. 397, ¶ 13 (explaining the jurisdictional requirement that an involuntary retirement must be precipitated by an improper agency action); *cf. Schultz v. U.S. Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987) (finding that a supervisor's refusal to reconsider an absent without leave charge after receiving a medical certificate that fully supported the leave request was improper). Thus, we affirm the administrative judge's decision that the appellant's retirement is not an appealable adverse action over which the Board has jurisdiction.

<h3 style="text-align:center">NOTICE OF APPEAL RIGHTS[3]</h3>

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                            _____
                                          Gina K. Grippando
                                          Clerk of the Board
Washington, D.C.