## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL J. MCFARLAND,
     Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,
     Agency.

DOCKET NUMBER
CH-1221-19-0172-W-1

DATE: March 14, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Michael J. McFarland</u>, Elyria, Ohio, pro se.

<u>Amber Groghan</u>, Esquire, and <u>Nick Pasquarella</u>, Esquire, Akron, Ohio, for
   the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction due to his failure to exhaust administrative remedies. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On February 25, 2015, the agency proposed to remove the appellant from his Advanced Medical Support Assistant position based on a charge of inappropriate access of patient medical records. Initial Appeal File (IAF), Tab 15 at 68-70. After the agency indicated that it sustained the reasons set forth in the notice of proposed removal, the appellant signed a last chance agreement on or about May 28, 2015, providing that the agency would hold its removal decision in abeyance for 1 year from the date the agreement was signed, so long as, among other things, the appellant demonstrated acceptable conduct and performance. *Id.* at 66-67. In exchange, the appellant "agree[d] to waive all administrative and/or negotiated grievance and appeal rights, including but not limited to the [agency] grievance procedures, negotiated grievance procedures, Merit Systems Protection Board, and the [equal employment opportunity (EEO)] complaint process." *Id.* at 66. In early 2016, the agency determined that the appellant violated the last change agreement, and on April 1, 2016, it effected his removal. IAF, Tab 1 at 8, Tab 15 at 30-32. The appellant filed an EEO complaint after he was removed, and the parties entered into a settlement agreement on July 1, 2016. IAF, Tab 18 at 48.

On June 28, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC). Petition for Review (PFR) File, Tab 7 at 20-30. He alleged that his removal and other personnel actions were taken in retaliation for whistleblowing disclosures that he made in October 2014. *Id.* at 23-28. His whistleblowing disclosures concerned a Physician Assistant, also known as a Provider, who allegedly (1) improperly revealed to him confidential medical information about a patient and was biased against the patient, and (2) abused her authority by making a biased decision to indicate that the patient should be denied

the benefits he sought.  *Id.* at 23-24.  OSC closed its investigation into the appellant's complaint.  IAF, Tab 1 at 7.  This IRA appeal followed.  IAF, Tab 1. The appellant did not request a hearing.  *Id.* at 5.

The administrative judge issued an order on jurisdiction and proof requirements, informing the parties of their respective burdens in an IRA appeal, and ordering the appellant to file evidence and argument establishing the Board's jurisdiction over his appeal.  IAF, Tab 3.  The administrative judge initially found that the appellant "arguably" established jurisdiction.  IAF, Tab 12 at 1. However, in her initial decision based on the written record, the administrative judge found that the appellant failed to establish that he exhausted his administrative remedies.  IAF, Tab 19, Initial Decision (ID).  She therefore dismissed the IRA appeal for lack of jurisdiction.  ID.

On petition for review, for the first time, the appellant submits a copy of his OSC complaint, along with some of his correspondence with OSC.  PFR File, Tab 1 at 6-9.  The agency has filed a response opposing the petition, and the appellant has filed a reply to the response.  PFR File, Tabs 4-5.

The Office of the Clerk of the Board issued an order for the appellant to resubmit his OSC complaint because it was illegible in the hard-copy file and the electronic version appeared to be incomplete, and it provided the agency an opportunity to reply to the appellant's response.  PFR File, Tab 6.  In his response, the appellant resubmitted a complete and legible copy of his OSC complaint, along with numerous other documents.  PFR File, Tabs 7-8.  The agency responded by requesting that all of the appellant's submitted documents, except for the OSC complaint, be stricken from the record.  PFR File, Tab 9.  The appellant subsequently explained that he submitted other documents that were also previously erroneously uploaded or incomplete.  PFR File, Tab 10.  The

agency filed a motion requesting that the Board strike the appellant's response.[2] PFR File, Tab 11.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence.  *Salerno*, 123 M.S.P.R. 230, ¶ 5.  If the appellant proves by preponderant evidence that his protected disclosure or activity was a contributing factor in a personnel action taken against him, the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity. *Id.*; *see* 5 U.S.C. § 1221(e)(1)-(2).

<u>The appellant exhausted his administrative remedies regarding his assertion that the agency retaliated against him for making whistleblowing disclosures.</u>

To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  The purpose of this exhaustion requirement is to give OSC

---

[2] Although the appellant did not obtain leave from the Office of the Clerk of the Board before filing his response, PFR File, Tab 10; *see* 5 C.F.R. § 1201.114(a)(5), for the reasons discussed in this Remand Order, we nevertheless accept the pleading into the record.  We also deny the agency's motion to strike.

"the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992).

In his OSC complaint, the appellant stated that, in October 2014, a patient and a Provider had a dispute about the patient's medical claim.[3] PFR File, Tab 7 at 23-24. The Provider allegedly told the appellant that the patient was a "jerk with mental issues, that he was trying to screw the government over by claiming a fertility issue, [and] that he had [a sexually transmitted disease]." *Id*. at 24. The appellant then told his supervisor and the chief of his department about this dispute, he stated that he believed the Provider was biased and violated confidentiality provisions, and he asked that the patient be reexamined by someone else. *Id*. This conversation appears to be his first disclosure.

After the Provider learned that the patient had complained about her, she amended her notes about the patient's medical claim and told "the decision makers to not overturn her decision." *Id*. Approximately 1 week after his first disclosure, the appellant told the patient and his chief's supervisor about both the Provider's prior statement and her amendment to her notes, which he believed was an abuse of power. *Id*. We construe his statements to the patient and his chief's supervisor as his second disclosure.

The appellant further informed OSC that, in the aftermath of his disclosures, he was (i) subjected to an investigation, (ii) placed on a detail with different duties, (iii) forced to sign a last chance agreement in lieu of removal, (iv) demoted, (v) reassigned to a different city, and (vi) removed. *Id*. at 24-26. He also noted that, following his removal, the parties signed a settlement agreement to resolve his EEO complaint, and the agency breached the agreement by failing to change his Standard Form 50 to reflect that he had resigned, *id*. at 26. This allegation of agency breach appears to be an additional allegation of a personnel action. Based on the foregoing, we find that the appellant has

---

[3] Although the appellant has filed this evidence for the first time on petition for review, we find it appropriate to consider it under the circumstances. *See* 5 C.F.R. § 1201.115(e).

exhausted his administrative remedies with OSC regarding his two disclosures and these various actions.

The record is insufficiently developed for us to determine the effect, if any, of the parties' last chance agreement and the EEO settlement agreement on the appellant's ability to pursue this IRA appeal.

In its correspondence with the appellant, OSC indicated that it lacked the authority to review his claims because he had waived his appeal rights, to include an OSC complaint, when he signed the last chance agreement, and he had waived all future complaint and appeal rights based on actions that occurred prior to June 6, 2016, in his EEO settlement agreement. PFR File, Tab 1 at 7. The parties' last chance agreement is in the record, IAF, Tab 15 at 66-67, but the EEO settlement agreement is not.

Additionally, on April 6, 2018, the agency's Office of Resolution Management (ORM) found that the agency breached the EEO settlement agreement. IAF, Tab 18 at 48-53. The appellant was advised by ORM that he could elect to have his EEO complaint reinstated, but that if he did so, the parties would be returned to the status quo ante, i.e., the conditions that were present prior to the settlement agreement. *Id.* at 50-51. We cannot determine, based on the current record, whether the appellant elected to reinstate his EEO complaint, or what, if anything, may have occurred after ORM's finding of agency breach. Additionally, as noted above, the EEO settlement agreement is not in the record. Moreover, it does not appear that the parties were directed to brief potentially dispositive issues, below, such as the scope and enforceability of the appeal rights waiver contained in the last chance and EEO settlement agreements. Accordingly, we remand the appeal for the parties to submit the EEO settlement agreement and provide evidence and argument regarding these issues.[4] *See, e.g.,*

---

[4] If, on remand, the administrative judge determines that the IRA appeal should proceed in whole or in part, she should evaluate whether the appellant has met his burden to make a nonfrivolous allegation that he made a whistleblowing disclosure or engaged in protected activity that was a contributing factor in the agency's decision to take a personnel action against him. In determining whether the appellant met this burden, the

*Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶ 10 (2009) (noting that the Board does not have jurisdiction over an action taken pursuant to a last chance agreement in which an appellant waives his right to appeal to the Board and outlining when a waiver of appeal rights may be unenforceable).

## ORDER

For the reasons discussed above, we remand this appeal to the Central Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:      _____
                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.

---

administrative judge should consider the Board's decisions in *Spivey v. Department of Justice*, 2022 MSPB 24, ¶¶ 10-15, and *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 18, holding that a nonfrivolous allegation of an investigation and claim of a hostile work environment, respectively, are personnel actions.