**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RENEE NELSON,
        Appellant,

    v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-1221-22-0024-W-1

DATE:  March 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renee Nelson, Silver Spring, Maryland, pro se.

Lauren S. Ruby, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.  On petition for review, the appellant argues that the administrative judge erred by failing to consider her three pending Board appeals together and in concluding that the Board lacks jurisdiction over her appeal, and that the administrative judge abused his discretion in his rulings and was biased against her.  Generally, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Regarding the appellant's argument that the administrative judge erred in concluding that the Board lacks jurisdiction over her appeal, on review she challenges the finding that the only personnel action she alleged in connection with her appeal was her claim that she was subjected to a background investigation. Petition for Review (PFR) File, Tab 1 at 1-2. To that end, the appellant appears to take issue with the administrative judge's finding that she did not identify the background investigation as an act of reprisal based on her earlier protected disclosures and activities that were the subject of her prior IRA appeals. PFR File, Tab 1 at 1; Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 4-5 & n.4. The appellant argues that she specifically alleged that the agency initiated the background investigation in retaliation for her filing of the second IRA appeal and for her prior OSC complaints, and she cites to evidence in the record to this effect. PFR File, Tab 1 at 1-2, IAF, Tab 1 at 1.

The appellant appears to misconstrue the crux of the administrative judge's finding on this point. In finding that the appellant did not identify the

background investigation as an "act of reprisal," the administrative judge was merely clarifying that the appellant had not alleged that the background investigation was one act taken by the agency in a series of acts that collectively constituted a claim of "continuing reprisal," and instead the administrative judge only considered the appellant's claim that she was subjected to a retaliatory background investigation as a single, discrete act.  ID at 4-5 & n.4; *see Hamley v. Department of the Interior*, 122 M.S.P.R. 290, ¶ 7 (2015) (observing, in the Title VII context, that hostile work environment claims are different from discrete acts of discrimination or retaliation because, by their nature, they involve repeated conduct, a single incident of which may not be actionable on its own).

This finding, which concerns only the nature of the appellant's alleged personnel action, is distinct from a finding addressing whether this alleged personnel action was taken in reprisal for the appellant's prior protected activity of filing OSC complaints and Board appeals, which appears to be the basis of the appellant's objection on review.  PFR File, Tab 1 at 1.  Because the administrative judge concluded that the appellant failed to nonfrivolously allege that she was subjected to a personnel action in connection with the background investigation, he did not reach the question of whether the agency initiated the background investigation in retaliation for her prior protected disclosures or activities.  ID at 4-6.

We agree with the administrative judge's finding in this regard and see no reason to disturb it on review.  The basis for the appellant's retaliatory investigation claim is that, on or about April 14 and 27, 2021, she was notified by agency personnel that she was required to undergo a security clearance background investigation so that the agency could process and renew a required form for the appellant to maintain access to its systems.  IAF, Tab 1 at 11.  The appellant alleged that the agency initiated this background investigation request in retaliation for her protected disclosures concerning the agency's collection of employee COVID-19 vaccination status data.  *Id.* at 11, 18-20.

As the administrative judge correctly concluded, the U.S. Court of Appeals for the Federal Circuit has held that, in the context of an IRA appeal, while retaliatory investigations are not personnel actions in and of themselves, they may contribute toward the creation of a hostile work environment that can rise to the level of "a significant change in working conditions" and constitute a personnel action. *Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020); *see Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 16 (2022) (clarifying that the creation of a hostile work environment may constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)(xii) to the extent that it represents a significant change in duties, responsibilities, or working conditions). Additionally, after the issuance of the initial decision in this case, the Board issued the decision in *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 10 (2022), which further clarified that the Board will consider evidence of the conduct of an allegedly retaliatory investigation when the investigation is so closely related to a covered personnel action that it could have been a pretext for gathering evidence to use to retaliate against an employee for whistleblowing.

Here, the administrative judge correctly determined that the appellant has not alleged that the security clearance investigation was closely related to a personnel action such that it could have been pretext for gathering evidence to retaliate, nor did she allege that she was the subject of an investigation such that disciplinary action could result. ID at 4-6; *see Spivey*, 2022 MSPB 24, ¶ 10. Specifically, the investigation did not concern alleged wrongdoing, and instead was a routine requirement to process and renew the appellant's access to the agency's systems. IAF, Tab 1 at 11, 44, 49-50. Moreover, the Board has held that the denial, revocation, or suspension of a security clearance is not a personnel action under the Whistleblower Protection Act of 1989 (WPA), and the Board therefore lacks jurisdiction over such claims in IRA appeals. *DiGiorgio v. Department of the Navy*, 84 M.S.P.R. 6, ¶¶ 4-5 (1999) (finding the Board lacks IRA jurisdiction to consider any claims relating to the appellant's security

clearance, including claims that the appellant was being subjected to a security clearance investigation in retaliation for whistleblowing disclosures). Such jurisdiction is lacking even if an appellant alleges that the security clearance investigation was part of a "significant change in duties, responsibilities, or working conditions." *Roach v. Department of the Army*, 82 M.S.P.R. 464, ¶¶ 53-54 (1999) (quoting what is now 5 U.S.C. § 2302(a)(2)(A)(xii)). Accordingly, we agree with the administrative judge that the appellant has failed to nonfrivolously allege that her security clearance background investigation was a personnel action, and consequently, the appellant failed to meet her jurisdictional burden.

Finally, we also find no merit to the appellant's argument that the administrative judge abused his discretion and was biased against her and in favor of the agency because he failed to sanction the agency despite its "shoddy defense," failed to require the agency to satisfy its burden, and issued a stay on discovery before issuing his jurisdictional determination. PFR File, Tab 1 at 5-6, 10, 30. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). Nor is a party's disagreement with an administrative judge's evidentiary rulings sufficient to show bias. *Diggs v. Department of Housing and Urban Development*, 114 M.S.P.R. 464, ¶ 9 (2010). Moreover, because we agree with the administrative judge's finding that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction over her appeal, she was not entitled to engage in discovery in her IRA appeal. *See Sobczak v. Environmental Protection Agency*, 64 M.S.P.R. 118, 122 (1994) (stating that an appellant is entitled to discovery in an IRA appeal only when she sets forth nonfrivolous jurisdictional allegations). Consequently, we find that the appellant's arguments regarding the processing of her appeal and thoroughness with which the

administrative judge handled her claims, fail to overcome the presumption of honesty and integrity.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        *Gina K. Grippando*
                                     _____
                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.