# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IMAN A. AL SALIHI,
        Appellant,

v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
SF-1221-21-0397-W-1

DATE: April 17, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Dennis P. Hickman, Monterey, California, for the appellant.

Andrea Campanile, Esquire, APO, Armed Forces Pacific, for the agency.

Karen L. Judkins and Laura H. Heller, Monterey, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in her individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant received a term appointment with a not-to-exceed date of March 20, 2019, as an Assistant Professor at the Defense Language Institute Foreign Language Center (DLIFLC) in Monterey, California. Initial Appeal File (IAF), Tab 30 at 258. Her term appointment was twice extended through March 20, 2021. *Id.* at 243, 245. During her tenure with the agency, the appellant worked in the Middle East School 1 (MES)[2], in several departments, under several different Department Chairs. *Id.* at 243, 245, 258; Hearing Recording (HR) (testimony of the appellant).

Between June 2020 and February 2021, the appellant exchanged a series of emails with the Commandant of DLIFLC regarding, among other things, the recording and certifying of teaching hours in the Consolidated Teacher Activities Reports (CTAR) within MES.[3] IAF, Tab 31 at 11-25. Specifically, the appellant contended that MES's process for submitting CTARs was not uniform across its departments and that certain department chairs, including her former chair, did not allow teachers to verify their teaching hours on the CTARs, resulting in discrepancies in recorded teaching hours. *Id.* The appellant explained that she personally had not received credit for all of the hours she taught between 2018-2019, estimating that she did not receive credit for over 150 hours. *Id.* at 16-17. She also identified several individuals for the Commandant to contact that could verify her claims, including at least one person who had also not received credit for all teaching hours. *Id.* at 17. The appellant further explained that the lack of transparency in CTAR processing, specifically in Department D, made it easy for individuals to abuse leave and falsify time and

---

[2] The agency refers to the Middle East School 1 as UMA.

[3] CTARs record an instructor's teaching hours and are used for time and attendance purposes. HR (testimony of the appellant).

attendance records, and she provided specific examples of individuals she believed her former Department Chair was allowing to abuse leave and/or falsify hours. *Id.* at 18-19.

The Commandant took the appellant's concerns seriously, explaining that "[j]ust the perception that teachers are not getting credit for tracking hours is concerning and worthy of fixing." *Id.* at 16. Later, he informed the appellant that he wanted to "fix this problem," but he had to make sure that leadership understood the problem was within MES and asked if she had any objection to him "call[ing] out MES specifically regarding CTAR[s] problems." *Id.* at 20. The appellant confirmed that the Commandant may proceed with "call[ing] out" MES regarding the CTAR issue but requested that he not disclose her name for fear of retaliation. *Id.* at 21. Thereafter, the Commandant forwarded the appellant an email chain between himself, the Provost, and the Dean, with the Chief of Staff copied, in which the Dean acknowledged concerns regarding CTARs from "some faculty" and advised that MES had created CTAR procedures that were "to be uniformly followed." *Id.* at 21-23. Approximately one month before the Dean's email response to the Provost and Commandant, the appellant had a meeting with the Dean, in which she discussed her concerns regarding the CTAR issues, specifically within Department D. *Id.* at 18.

On March 1, 2021, the agency issued the appellant a memorandum informing her that her term appointment had not been renewed, and her employment would end on March 20, 2021. IAF, Tab 19 at 14. On March 16, 2021, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that, in reprisal for disclosing the CTAR issues, the agency issued her a letter of reprimand in February 2021, declined to extend her term appointment beyond March 20, 2021, and investigated her regarding a timecard irregularity on March 11, 2021.[4] IAF, Tab 8 at 9-21. On May 25, 2021,

---

[4] OSC appears to have characterized the investigation as a hostile work environment claim, IAF, Tab 1 at 24; however, the appellant, either before OSC or before the Board, did not so characterize her claim, IAF, Tab 8 at 6, 9-21.

OSC closed its file in the matter and informed the appellant of her right to seek corrective action from the Board. IAF, Tab 1 at 24-25.

Thereafter, the appellant filed an IRA appeal with the Board asserting the same claims she raised before OSC. IAF, Tab 1. The administrative judge issued a jurisdictional order in which she apprised the appellant of the applicable law and burden of proof requirements for an IRA appeal and ordered her to submit evidence and argument establishing Board jurisdiction. IAF, Tab 3. The appellant responded to the order, and the administrative judge found that the appellant exhausted her administrative remedies and made a nonfrivolous allegation that her CTAR disclosures were protected disclosures that were a contributing factor in the letter of reprimand, the non-extension of her term appointment, and the investigation into an irregularity in one of her time cards. IAF, Tab 14.

After holding a hearing on the merits of the appellant's claims, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 47, Initial Decision (ID). Specifically, the administrative judge found that, while the appellant exhausted her administrative remedies before OSC, she failed to prove that her disclosures regarding the CTAR issues were protected under 5 U.S.C. § 2302(b)(8) because they constituted policy disagreements, were speculative, and were merely personal complaints. ID at 14-19. Therefore, the administrative judge found that the appellant failed to prove that she had a reasonable belief that her disclosures evidenced any of the sort of wrongdoing contemplated by section 2302(b)(8)(A). ID at 16, 20.

The appellant has filed a petition for review of the initial decision.[5] Petition for Review (PFR) File, Tab 1. She argues that the administrative judge erred in finding that her disclosures were not protected under 5 U.S.C. § 2302(b)(8) and asserts that her appointment was not renewed because she was the source of reports regarding the Dean and Department Chairs' failure to properly handle CTARs, which resulted in inaccuracies and discrepancies in recorded hours.[6] *Id.* at 5-15. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Under the Whistleblower Protection Enhancement Act, at the merits stage of the appeal, the appellant must prove by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in an activity protected by 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that such disclosure or activity was a contributing factor in an agency's personnel action. *Smith v. Department of the Army*, 2022 MSPB 4, ¶ 13. If the appellant meets that burden, the agency is given an opportunity to prove by clear and convincing

---

[5] The appellant filed her petition for review in California, which is 3 hours behind Eastern time. All pleadings filed via e-Appeal Online are time stamped with Eastern Time. 5 C.F.R. § 1201.14(m)(1) (2022). Although the appellant's Board appeal was time stamped as being filed on April 1, 2022, at 1:57 a.m., Eastern Time, it was actually filed on March 31, 2022, at 10:57 p.m., Pacific Time. PFR File, Tab 1 at 4. Thus, the appellant's petition for review, which was due on March 31, 2022, was timely filed.

[6] The appellant also includes within her petition for review a rebuttal of the agency's report of investigation, which was provided in the agency's prehearing submissions, regarding allegations that three Department Chairs harassed and/or created a toxic or unprofessional work environment for the appellant. PFR File, Tab 1 at 17-29, IAF, Tab 30 at 43-206. Specifically, the appellant challenges the agency's findings and recommendations that no adverse action be taken against the three Department Chairs and that adverse action be taken against the appellant for engaging in harassment toward students, instructors, and supervisors. IAF, Tab 30 at 71. As the accuracy of the agency's report of investigation has no impact as to whether the appellant made a protected disclosure that was a contributing factor in a covered personnel action, we do not address it.

evidence that it would have taken the same personnel action absent the protected disclosure or activity. *Id.*; *see* 5 U.S.C. § 1221(e)(1)-(2).

<u>The appellant established that her CTAR allegations were protected disclosures under 5 U.S.C. § 2302(b)(8)(A).</u>

The administrative judge found that the appellant's CTAR disclosures were not protected because she failed to establish that she held a reasonable belief that they evidenced the type of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A). ID at 14-19. Specifically, the administrative judge found that the appellant's emails did not disclose any known leave abuse or falsification, but instead contained allegations that were based on "purely surmise and speculation." ID at 16-17. She also found that CTAR reports were not subject to any law, rule, or regulation and that the appellant's CTAR allegations, at most, constituted a policy disagreement. ID at 17. Furthermore, to the extent that the appellant disclosed that she had not been credited with the correct number of hours, the administrative judge determined that this was a personal complaint or grievance, which did not constitute whistleblowing disclosures. ID at 18.

A protected disclosure is a disclosure that an appellant reasonably believes evidences a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *Smith*, 2022 MSPB 4, ¶ 14. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions of the Government evidence one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Smith*, 2022 MSPB 4, ¶ 14. The appellant need not prove that the matter disclosed actually established one of the types of wrongdoing listed under section 2302(b)(8)(A); rather, she must only show that the matter disclosed was one which a reasonable person in her position would believe evidenced any of the situations specified in section 2302(b)(8)(A). *Smith*, 2022 MSPB 4, ¶ 14.

The administrative judge's characterization of the appellant's disclosures as pure speculation, personal complaints, and/or policy disagreements was incorrect. ID at 14-19. The appellant alleged that CTAR reports, which recorded teaching hours and overall attendance, were not being uniformly verified by the teachers in MES, thus resulting in discrepancies between recorded hours and actual hours worked. IAF, Tab 31 at 11-25. The appellant's claims amount to allegations of time and attendance fraud, which is a clear violation of law, rule, or regulation. *Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 12 (2004).

Regarding whether the appellant held a reasonable belief that her disclosures evidence a violation of law, rule, or regulation, the appellant explained that her allegations were based on her own personal experience, the experience of others, and her observation of her colleagues' schedules and behaviors. IAF, Tab 31 at 11-25; HR (testimony of the appellant). The Board has found that an appellant holds a reasonable belief where her disclosures are based on personal experiences and observations, especially when corroborated by other evidence. *See Taylor v. Department of the Navy*, 101 M.S.P.R. 478, ¶ 7 (2006) (finding that the appellant who, based on his own observations, reported that his supervisor was misusing his Government-owned vehicle and Government credit card, made a protected disclosure); *Grubb*, 96 M.S.P.R. 361, ¶ 12 (finding that the appellant's specific allegations of time and attendance abuse based, in part, on her personal observations, established she held a reasonable belief).

Here, the appellant's personal experience and observations were validated by the reaction of the agency officials, including the Commandant and the Dean, both of whom seemed to acknowledge that there was a CTAR issue which needed addressing. IAF, Tab 31 at 20, 23. While the agency's reaction does not prove that the agency actually violated a law, rule, or regulation, these reactions seemingly confirm that a problem existed, thus giving credibility to the reasonableness of the appellant's belief. *See Laberge v. Department of the Navy*, 91 M.S.P.R. 585, ¶ 14 (2002), *aff'd*, 66 F. App'x 204 (Fed. Cir. 2003) (explaining

that the agency's reaction, which included not disputing the reasonableness of the appellant's belief and citing testimony that the Commander agreed with the appellant's recommendations and delayed work as a result, helped establish the reasonableness of the appellant's beliefs). Accordingly, we find that the appellant held a reasonable belief that her CTAR disclosures constituted a violation of law, rule, or regulation, and thus, they are protected under 5 U.S.C. § 2302(b)(8)(A).

<u>The appellant established that her protected disclosures were a contributing factor in the agency's decision not to extend her term appointment.</u>

The administrative judge did not make any findings as to whether the appellant met the contributing factor standard. ID at 19-20. Nevertheless, the record is fully developed on this issue and, as set forth below, clearly establishes that the appellant met the contributing factor standard with respect to the non-extension of her appointment.[7]

To prove a disclosure was a contributing factor in a personnel action, the appellant need only demonstrate that the fact of, or the content of, the disclosure was one of the factors that tended to affect the personnel action in any way. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 43. The knowledge/timing test allows an appellant to demonstrate that the disclosure was a contributing factor in the personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*

---

[7] Herein, we only make a contributing factor finding regarding the non-extension of the appellant's term appointment. As we set forth below, we direct the administrative judge to make a finding as to whether the appellant met the contributing factor standard regarding the February 2021 letter of reprimand. Regarding the investigation into time keeping irregularities, the Board has found that, as here, where an investigation does not result in a disciplinary or adverse action, or the threat of such action, it does not constitute a covered personnel action under 5 U.S.C. § 2302. *Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 9.

The appellant has established that the agency officials involved in the non-extension of her term appointment had knowledge of her disclosures. First, while the Provost and the Chief of Staff made the ultimate decision not to extend the appellant's term appointment, they did so based on the recommendation of the Dean. HR (testimony of the Provost, testimony of the Dean). The Provost, Chief of Staff, and Dean were all aware that someone had raised CTAR concerns, given that the Commandant "call[ed] out" MES about the CTARs and sent several emails asking about MES's handling of CTARs. IAF, Tab 31 at 20-25. Even crediting the Commandant's testimony that he did not disclose the name of the appellant when he spoke to the Provost, Chief of Staff, and the Dean about her CTAR concerns, the Dean was aware that the appellant had these concerns because the appellant had disclosed them during a July 2020 meeting between the two of them. *Id.* at 18; HR (testimony of the Commandant). Thus, the agency officials involved in the decision not to extend the appellant's appointment had either actual or constructive knowledge of the appellant's disclosures, and she has satisfied the knowledge prong of the knowledge/timing test.

Additionally, we find that the appellant has established the timing prong of the knowledge/timing test. The Board has found that personnel actions taken within approximately 1 to 2 years of the protected disclosure satisfy the knowledge/timing test. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 16 (2011). Here, the appellant made her disclosures starting in June 2020, and 9 months later the agency notified her that her term appointment was not being extended. IAF, Tab 19 at 14, Tab 31 at 11. Therefore, the appellant satisfies the knowledge/timing test, and she established that her protected disclosures were a contributing factor in the agency's decision not to extend her appointment.

<u>Because there are outstanding issues of material fact which necessitate credibility determinations, we remand this matter to the regional office for further adjudication as set forth in this order.</u>

As the appellant has made her prima facie case of whistleblower reprisal, corrective action must be ordered unless the agency can prove by clear and convincing evidence that it would have taken the personnel actions absent her whistleblowing. 5 U.S.C. § 1221(e)(2). After reviewing the record, we believe there are material disputes of fact that require credibility determinations and the administrative judge is in the best position to make these determinations. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 32 (2013) (finding that the administrative judge was in the best position to make necessary credibility findings and remanding the appeal to further analyze the clear and convincing standard). Thus, we find that a remand is necessary.

The administrative judge who oversaw the proceedings below and issued the initial decision is no longer employed by the Board. When there is conflicting testimony on a material issue and a new administrative judge will decide the case, the testimony should be heard again to permit credibility determinations on witness demeanor. *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 24. Therefore, the newly assigned administrative judge should accept evidence and argument, and hold a supplemental hearing, on the following. The administrative judge should analyze the *Carr* factors and make a finding as to whether the agency has met the clear and convincing burden regarding the non-extension of the appellant's term appointment. The administrative judge should also make a finding as to whether the appellant established that her protected disclosures were a contributing factor in the February 2021 letter of reprimand. To the extent that the administrative judge finds that the appellant has met the contributing factor standard regarding the February 2021 letter of reprimand, she shall then make a finding regarding whether the agency met its clear and convincing standard with respect to this personnel action.

**ORDER**

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.