# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BEVERLY A. WHITE,
        Appellant,

     v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
DA-0831-22-0375-I-1

DATE: May 8, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mrs. Beverly Ann White, Houston, Texas, pro se.

Tanisha Elliott Evans, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying her application for deferred annuity benefits under the Civil Service Retirement System (CSRS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal,[2] we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

We find no reason to disturb the administrative judge's decision that the appellant did not meet her burden of proving entitlement to a deferred annuity under CSRS by a preponderance of the evidence.  Initial Appeal File (IAF), Tab 20, Initial Decision (ID) at 11.  On review, the appellant challenges the administrative judge's allocation of the burden of proof and re-raises her argument that OPM business records showing that she applied for a refund of her CSRS contributions and that a refund was authorized are not entitled to substantial weight.[3]  Petition for Review (PFR) File, Tab 1 at 5-18, 29.  Because

[2] The appellant has challenged Vice Chairman Limon's impartiality with respect to her case because of his past employment as an attorney for OPM.  Petition for Review (PFR) File, Tab 1 at 17-18; *see* Board Members, https://www.mspb.gov/About/members.htm (last visited May 8, 2024).  The Board looks to the disqualification standards Congress established for the Federal judiciary at 28 U.S.C. § 455, which requires recusal "in any proceedings in which [the judiciary's] impartiality might be reasonably questioned."  28 U.S.C. § 455(a); *see Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 7.  Vice Chairman Limon was not employed by OPM during the relevant time frame; and even if he had been, the appellant has offered no specifics regarding the purported conflict of interest.  PFR File, Tab 1 at 17-18.  Therefore, Vice Chairman Limon has not recused himself from this case.

[3] The appellant also argues that the administrative judge denied her right to cross-examine OPM regarding its business records at the hearing.  PFR File, Tab 1

the administrative judge correctly applied the law to the facts of the case, we affirm the initial decision. ID at 11; *see Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table). To the extent that the appellant has submitted new arguments on review, we decline to consider them because she has not shown that they are based on new and material evidence not previously available despite her due diligence. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 34 n.10; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

On review, the appellant also presents 10 letters from friends and family speaking to her character. PFR File, Tab 1 at 19-28. We decline to consider this evidence submitted for the first time with her petition for review because the appellant has not shown that it was unavailable before the close of the record before the administrative judge despite her due diligence. *See Chin v. Department of Defense*, 2022 MSPB 34, ¶ 8; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In addition, this evidence is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The administrative judge did not find that the appellant's character was lacking or that her testimony was not credible. ID at 11. Rather, the administrative judge correctly applied the well-established principle that OPM records, maintained in the ordinary course of business, typically outweigh an appellant's uncorroborated testimony that she never received a refund. ID at 11; *see Rint*, 48 M.S.P.R. at 72. Thus, we affirm the initial decision.

---

at 11. However, we note that an OPM representative was present at the hearing in a representative capacity and not as a witness. IAF, Tab 17, Hearing Recording. The appellant did not avail herself of the opportunity to submit a written list of requested witnesses in response to the administrative judge's order. IAF, Tab 7 at 2-3.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.